**Gheorghe SOANCA, Gheorghe Radu Soanca, Petitioners–Appellants,**

**v.**

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents–Appellees.**

Nos. 02–3673, 02–3674.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2003.

Before KEITH and COLE, Circuit Judges; and WEBER, District Judge.*

## ORDER

Gheorghe Soanca (Gheorghe) and Gheorghe Radu Soanca (Radu), natives and citizens of Romania, petition for review of the Board of Immigration Appeals (BIA) orders that affirmed the decisions of the Immigration Judge (IJ) to deny their applications for asylum or withholding of deportation, pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The petitioners, who are father and son, entered the United States from Spain as nonimmigrant visitors in August 1995. The Immigration and Naturalization Service began removal proceedings against them because they remained in this country without permission. The Soancas conceded deportability and applied for asylum, which were construed as requests for with-holding of removal and voluntary departure. (Because Radu was Gheorghe's dependent when they applied for asylum, Radu's immigration status depended on Gheorghe's status). Gheorghe claimed refugee status based upon a fear of persecution because of his political opinion. He testified that he was detained and beaten several times. In an April 28, 1998, decision, IJ Elizabeth Hacker found that Gheorghe was not credible and that he had not shown either past persecution or a well-founded fear of persecution if he returned to Romania. The IJ denied Gheorghe's request for voluntary departure but granted Radu's request. The Soancas appealed to the BIA, and the BIA affirmed the IJ's decision without opinion. The Soancas filed timely petitions for review.

In their petitions for review, the Soancas argue that the BIA erred in its determination that the Soancas were not entitled to asylum and/or withholding of deportation.

This court reviews a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a petition for review merely because it would have decided the case differently. *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir.1998). A petition for review may be granted only if the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Upon review, we conclude that the Soancas' petitions for review must be denied. First, the IJ's finding that Gheorghe was not credible is supported by substantial evidence. The IJ identified

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

discrepancies between Gheorghe's asylum applications and his testimony, and inconsistencies within his testimony. For example, in his supplemental application Gheorghe indicated that he had been detained several times because of conflicts with his supervisor at work. At the hearing before the IJ, he testified that he had been beaten by the secret police. When asked to explain why he did not mention the beatings in his application, Gheorghe said he did not think it was important. Whether or not Gheorghe was detained and beaten goes to the heart of his asylum claim. *See de Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997).

■ Second, even if Gheorghe's testimony was true, it did not establish that he suffered past persecution or had a well-founded fear of future persecution on account of his political opinion. *See Ouda v. INS*, 324 F.3d 445, 451 (6th Cir.2003); 8 C.F.R. § 208.13(b)(2). Gheorghe worked as a chemist and supervisor in a factory that manufactured explosives, and testified that he had frequent disagreements with his superiors over safety concerns in the factory. There was no political component to Gheorghe's conflicts with his superiors, nor any indication that he would face similar problems upon his return to Romania. His main concerns about returning appeared to be finding a job or being robbed.

■ Finally, because Gheorghe did not establish eligibility for asylum, he cannot meet the more difficult standard required for withholding of deportation. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 425, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); *Kratchmarov v. Heston*, 172 F.3d 551, 555 (8th Cir.1999).

We deny the petitions for review because the evidence does not compel a finding that Gheorghe had a well-founded fear of persecution. *See Elias–Zacarias*, 502 U.S. at 481, 484.